**Robert Lee FISHER, Plaintiff,**

v.

**EASTERN AIR LINES, INC., Defendant.**

**No. C–78–422–R.**

United States District Court,
M. D. North Carolina,
Rockingham Division.

July 9, 1981.

---

Elmo R. Zumwalt, III, and Reginald M. Barton, Jr., of McCoy, Weaver, Wiggins, Cleveland & Raper, Fayetteville, N. C., for plaintiff.

John R. Ingle of Craighill, Rendleman, Clarkson, Ingle & Blythe, Charlotte, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

This matter is before the Court for ruling on defendant's motion for partial summary judgment. Fed.R.Civ.P. 56. Defendant contends that it is entitled to summary judgment on plaintiff's second and fourth claims for relief. These claims allege violations of N.C.Gen.Stat. § 75–50 *et seq.* (1981) which prohibit certain acts by debt collectors. The Court agrees with defendant that the statutes cited do not protect a person in plaintiff's position. It will dismiss these two claims.

Plaintiff alleges that defendant, acting through its agent, committed prohibited acts while trying to collect from plaintiff for a dishonored check. Unfortunately, plaintiff was not the person who had issued the check or incurred the underlying debt. Rather, someone with the same name had done so. Order on Final Pre-Trial Conference ¶ 5(f) (April 13, 1981). Under N.C. Gen.Stat. § 75–50(1), a consumer is defined as "any natural person who has incurred a debt or alleged debt ...." " 'Debt' means any obligation owed or due or alleged to be owed or due from a consumer." N.C.Gen. Stat. § 75–50(2). The plain language of these definitions convinces the Court that, for a claimant to claim protection under the statutes, he must have had at least some connection with the underlying debt or alleged debt. Because of the presence of the term *incurred* in section 75–50(1), the words *alleged debt* could not include an instance in which a debt collector mistakenly identified the person who owed it money or allegedly owed it money. The legislature chose not to use the words *allegedly incurred.*[1] Thus, the language of N.C.Gen. Stat. § 75–50 *et seq.* does not evidence an intent by the legislature to provide protection for persons mistakenly thought to have been the one who incurred an obligation. They must rely on common law remedies.

IT IS, THEREFORE, ORDERED that defendant's motion for partial summary judgment be, and the same hereby is, GRANTED and that plaintiff's claims for relief under N.C.Gen.Stat. § 75–50 *et seq.* are DISMISSED.

---

1. In any event, defendant has never alleged that plaintiff has incurred an obligation. It has only alleged that someone else did, but it mistook plaintiff for that person.